MEMORANDUM **
The United States appeals the district court’s order granting defendant Espinoza’s motion to suppress evidence. We have jurisdiction under 18 U.S.C. § 3731, and we affirm.
Warrantless searches and seizures inside a home are presumptively unreasonable and in violation of the Fourth Amendment. Payton v. New York, 445 U.S. 573, 586, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Under the emergency exception, however, “law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury.” Brigham City v. Stuart, 547 U.S. 398, 403, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006). Here, the government argues that the warrantless entry into Espinoza’s home was justified under the emergency exception because the police had a reasonable belief that there might be an injured person or another shooter lurking inside Espinoza’s home.
The government’s argument is not supported by the record. At the time of the entry into Espinoza’s house, Espinoza was in custody and detained in the back of a police car. Neighbors had reported that Espinoza lived alone, and no one reported seeing or hearing anyone besides Espinoza inside the house. When the police arrived, they did not see anyone enter the house or hear any other voices coming from inside. In short, there were no facts upon which an officer could base a reasonable belief that an emergency existed after Espinoza was in custody. See United States v. Gooch, 6 F.3d 673, 679 (9th Cir.1993) (holding that warrantless search of a shooting *241 suspect’s tent was unreasonable because suspect was in custody and there was no actual ongoing threat despite the recent discharge of a firearm).
The Supreme Court stated in Michigan v. Fisher that officers do not require “ironclad proof of ‘a likely serious, life-threatening' injury to invoke the emergency aid exception.” — U.S. -, 130 S.Ct. 546, 549, 175 L.Ed.2d 410 (2009). There, the police encountered a crazed, bleeding man barricaded inside his house throwing objects and shouting obscenities at the police. Id. at 547, 130 S.Ct. 546. The Court ruled that under those circumstances, even though it was doubtful that the man was seriously injured, a reasonable officer could have believed that the man or someone else inside might have needed immediate medical attention or faced imminent harm. Id. at 548-49. We do not read that fact-specific opinion to hold broadly that warrantless entry into a home is always justified where the police cannot confirm that there are no injured victims inside a house. We recognize the need for police officers to investigate and respond to credible threats of injury. Nothing in Michigan v. Fisher, however, indicates that the mere discharge of a firearm inside a house vitiates the protections of the Fourth Amendment when the shooting suspect is in custody and there are no circumstances suggesting that anyone else was present, much less injured.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.